**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAKE-UP DESIGNORY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHAMA PATEL, an individual, MUD FRANCHISING, LLC, a North Carolina limited liability company, and ANJMANJ, INC, an Illinois corporation.<br><br>Defendant. | **Case No.: 2017-2680**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff Make-Up Designory ("Plaintiff" or "Make-Up Designory"), by and through its undersigned counsel, Duane Morris LLP, for its Complaint against Shama Patel (or "Patel"), Mud Franchising, LLC, and Anjmanj, Inc. (collectively "Defendants") alleges as follows:

**NATURE OF THE ACTION**

**1.** By this action, Make-Up Designory seeks to stop the ongoing infringement of its MUD family of trademarks and related intellectual property and to recover from Defendants all damages allowable by law resulting from its unlawful use of the confusingly similar mark for similar and related services as more fully set forth herein.

**2.** For more than nineteen years, Make-Up Designory – commonly known as MUD – has invested considerable effort and money to advertise and market the MUD family of marks in connection with high quality cosmetics, cosmetology services, and educational services in the field of cosmetology. Make-Up Designory's business reputation and the value of its marks will

become severely compromised if Defendants are allowed to continue to promote their services under the Infringing Marks.

**3.** Furthermore, consumers are deceived and harmed when they are confused into believing that Defendants are somehow affiliated, connected, associated, originated, sponsored or approved by Make-Up Designory. Defendants should be enjoined from continuing to operate under the Infringing Marks, should disgorge their profits to Make-Up Designory from such activities, compensate Make-Up Designory for its damages, pay all costs of the suit including reasonable attorneys' fees and assign to Make-Up Designory all domain names related to Defendants' use of the Infringing Marks.

**PARTIES**

**4.** Plaintiff, Make-Up Designory, is a California corporation having a principal place of business at 25311 Avenue Stanford, Valencia, California 91355.

**5.** Upon information and belief, Defendant Patel is an individual residing at 700 North Larrabee Street, Unit 1810, Chicago, Illinois 60654.

**6.** Upon information and belief, Defendant Mud Franchising, LLC is a North Carolina corporation having its primary place of business located at 3735 Admiral Drive, Suite 111, High Point, North Carolina 27265 and that owns and operates a "Mud. Facial Bar" having a location at 357 West Erie, Chicago, Illinois 60654.

**7.** Upon information and belief, Defendant Anjmanj, Inc. (DBA MUD.FACIAL BAR), is an Illinois corporation having its primary place of business located at 357 W. Erie, Chicago, Illinois 60654.

## JURISDICTION AND VENUE

**8.** This is a civil action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the unfair competition laws of the State of Illinois. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

**9.** Personal jurisdiction over Defendants is proper because Defendants reside, conduct business in this District and Division, and have committed torts in this State, including without limitation Defendants' trademark infringement and unfair competition, which causes harm in this State and in this District.

**10.** Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this District and Division. In particular, Defendants have used the Infringing Marks (as defined below) in this District and Division, including offering for sale, selling, advertising, and promoting beauty salon services in the District and Division using the Infringing Marks.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Valuable Trademarks

**11.** Make-Up Designory is the registered owner of numerous trademark registrations for a family of MUD marks, including "MUD," "MUD STUDIO," "MUDSHOP" and "MUD Make-up Designory" (stylized) (U.S. Registration Nos. 3823499; 4760695; 3487200; 3582440; 3487203; 2908190 and 4217710) (hereinafter, the "MUD Marks") for goods and services in the field of beauty. The MUD Marks have a long established and well recognized position in the cosmetology and beauty care field and Make-Up Designory's products and techniques taught under the MUD Marks are implemented in beauty salons nationwide.

**12.** Make-Up Designory also licenses its MUD Marks to cosmetology schools ("MUD Partner Schools") throughout the United States, including a licensee in Midlothian, Illinois.

**13.** The MUD mark has been advertised, publicized and promoted nationally in connection with Make-Up Designory's services since at least October 1997. Additionally, the MUD mark has been advertised, publicized and promoted nationally in connection with Make-Up Designory's goods, including cosmetics and make-up tools, since at least April 1999. The MUD STUDIO mark has been used in connection with the operation of MUD STUDIO locations throughout the world, including in Los Angeles and New York since at least February 2012.

**14.** As a result of this advertising, publication and promotional efforts, the MUD Marks have acquired and enjoy a high degree of distinctiveness and secondary meaning. The MUD Marks are recognized by the industry, customers and other members of the public as identifying exclusively the services and products of Make-Up Designory.

**15.** Based on its use and registration of the MUD Marks, Make-Up Designory has exclusive rights to use the MUD Marks in connection with its cosmetology and beauty care goods and services.

**B. <u>Defendants' Unlawful Activities</u>**

**16.** Defendants are and have been using the names "MUD." and "MUD. Facial Bar" and referring to "MUD" service locations as "STUDIOS" (collectively, the "Infringing Marks") in connection with promoting their own beauty salon services. This use includes use as a trade name, in domain names including mudfacialbar.com, and in connection with a range of promotional advertising.

**17.** Upon information and belief, Defendants franchise, offer to franchise, or otherwise license the Infringing Marks to third parties.

**18.** Upon information and belief, Defendants began using the Infringing Marks in late 2014, well after Make-Up Designory's first use of the MUD Marks.

**19.** On April 1, 2015, Patel filed a U.S. Trademark Application, Serial No. 86/584,826, seeking registration of the mark "Mud" in connection with "beauty salon services; beauty salons; skin care salons." The application claims a first use date of November 1, 2014.

**20.** Defendants have been on actual notice of one or more of the federal trademark registrations for the MUD Marks since at least March 10, 2016, when the U.S. Patent and Trademark Office ("USPTO") issued an Office Action to Defendant, refusing registration based on a likelihood of confusion with one of Make-Up Designory's registrations for the MUD Marks On April 25, 2016, the USPTO issued a final Office Action maintaining the refusal to register Defendants' MUD mark.

**21.** Defendants' application was abandoned on October 26, 2016. However, Defendants continue to use the Infringing Marks in connection with their services.

**22.** Defendants' unauthorized use of the Infringing Marks is likely to cause and continue to cause confusion, to cause mistake, and to deceive an appreciable number of reasonably prudent customers, prospective customers and members of the industry into falsely believing that Defendants' services are provided, sponsored or approved by Make-Up Designory or that there is a connection or affiliation between Make-Up Designory and Defendants.

**23.** Defendants' unauthorized use of the MUD Marks is causing irreparable harm to Plaintiff by confusing and misleading consumers, the industry, and the public at large as to the source of Defendants' "MUD" services.

**C. Defendants' Unlawful Conduct is Willful and Intentional**

**24.** Defendants had actual knowledge of Make-Up Designory's well-established and prior rights and federal registrations of the MUD Marks for goods and services in the field of cosmetology and beauty care.

**25.** Additionally, Make-Up Designory, through counsel, made demands on Defendants to cease and desist its use of the Infringing Marks. Defendants refused to comply with Make-Up Designory's demands.

**26.** Defendants have continued to use the Infringing Marks, notwithstanding Defendants' actual knowledge of Make-Up Designory's prior and exclusive rights to the MUD Marks.

**27.** Defendants' unlawful conduct is and continues to be knowing, deliberate, and willful.

**28.** As a direct and proximate result of Defendants' unlawful conduct, Make-Up Designory has been and will continue to suffer irreparable injury to its federally registered MUD Marks and to the goodwill and business reputation associated with the MUD Marks. Defendants' unlawful conduct will continue unless enjoined and restrained by this Court. Make-Up Designory has no adequate remedy at law for Defendants' continuing violations of its rights as set forth herein.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

**29.** Make-Up Designory realleges paragraphs 1 through 28 above and incorporates them by reference as if fully set forth herein.

**30.** Defendants' use of a copy, variation, simulation or colorable imitation of Make-Up Designory's registered MUD Marks in connection with its beauty salon services infringes Make-Up Designory's exclusive rights in the federally registered MUD Marks, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

**31.** With actual and constructive notice of the registered MUD Marks and of Make-Up Designory's extensive and continuous use of the MUD Marks, Defendant, without Make-Up Designory's authorization or consent, has advertised and promoted its services under the Infringing Marks, which is confusingly similar to the MUD Marks.

**32.** Defendants' actions have caused, and are likely to continue to cause, confusion, mistake and deception by or among consumers who have been, and will continue to be, led to believe that Defendants' services are somehow provided, sponsored, or approved by Make-Up Designory.

**33.** Therefore, Defendants' use of the Infringing Marks in a similar manner in connection with similar and/or related services, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

**34.** As a direct and proximate result of Defendants' activities as alleged above, Make-Up Designory has suffered damage. Unless Defendants are restrained by the Court, they will continue and/or expand their unlawful activities alleged above, by infringing the registered MUD Marks and otherwise continue to cause irreparable damage and injury to Make-Up Designory.

No amount of money damages can adequately compensate Make-Up Designory if Make-Up Designory loses the ability to control the use of its marks, reputation, and goodwill through the unauthorized use of its trademarks. Make-Up Designory is entitled to monetary damages and injunctive relief prohibiting Defendants from using the MUD Marks, the Infringing Marks or any other logo, service mark, trademark or designation which is likely to be confused with the MUD Marks.

**35.** Because Defendants' actions have been committed willfully and with intent to profit from Make-Up Designory's goodwill in the MUD Marks, this is an exceptional case and Make-Up Designory is entitled to recover Defendants' profits together with Make-Up Designory's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. § 1125)**

**36.** Make-Up Designory realleges paragraphs 1 through 35 above and incorporates them by reference as if fully set forth herein.

**37.** Defendants' use of the Infringing Marks, which is a copy, variation, simulation or colorable imitation of the MUD Marks, in a similar manner and in connection with highly similar and/or highly related services, constitutes unfair competition, a false designation of origin, a false description of Defendants' services, and a false representation within the meaning of 15 U.S.C. § 1125(a). Defendants' conduct is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services to the detriment of Make-Up Designory and in violation of 15 U.S.C. § 1125(a)(1).

**38.** As a direct and proximate result of Defendants' activities as alleged above, Make-Up Designory has suffered damage. Unless Defendants are restrained by the Court, they will continue and/or expand their unlawful activities alleged above, by infringing the MUD Marks and otherwise continue to cause irreparable damage and injury to Make-Up Designory. No amount of money damages can adequately compensate Make-Up Designory if it loses the ability to control the use of its marks, reputation, and goodwill through the unauthorized use of its trademarks. Make-Up Designory is entitled to monetary damages and injunctive relief prohibiting Defendants from using the MUD Marks, Infringing Marks or any other trademark or designation which is likely to be confused with the MUD Marks.

**39.** Because Defendants' actions have been committed willfully and with intent to profit from Make-Up Designory's goodwill in the MUD Marks, this is an exceptional case and Make-Up Designory is entitled to recover Defendants' profits together with Make-Up Designory's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF
## STATE DECEPTIVE TRADE PRACTICES
## (815 ILCS 510)

**40.** Make-Up Designory realleges paragraphs 1 through 39 above and incorporates them by reference as if fully set forth herein.

**41.** Defendants, by virtue of their actions alleged above, have engaged in a "deceptive trade practice" as that term is defined in 815 Ill. Comp. Stat. § 510/2(a).

**42.** As a direct and proximate result of Defendants' deceptive trade practices, Make-Up Designory has been and is likely to suffer damage.

**43.** Unless Defendants are restrained by the Court, they will continue and/or expand their deceptive trade practices and otherwise continue to cause irreparable damage and injury to

Make-Up Designory. Make-Up Designory is entitled to injunctive relief prohibiting Defendants from using the MUD Marks, Infringing Marks or any other deceptive trade practices.

**44.** Because Defendants' actions have been committed willfully, Make-Up Designory is entitled to recover attorneys' fees and costs pursuant to 815 Ill. Comp. Stat. § 510/3.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

**45.** Make-Up Designory realleges paragraphs 1 through 44 above and incorporates them by reference as if fully set forth herein.

**46.** Make-Up Designory's MUD Marks constitute protectable trademarks that are inherently distinctive. Additionally, as a result of Make-Up Designory's significant efforts, the MUD Marks have acquired distinctiveness and secondary meaning.

**47.** Defendants' use of a copy, variation, simulation or colorable imitation of Make-Up Designory's MUD Marks in connection with its beauty salon services infringes Make-Up Designory's exclusive rights in the MUD Marks, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Illinois common law.

**48.** Defendants' infringing actions have been committed willfully and with intent to profit from Make-Up Designory's goodwill in the MUD Marks.

**49.** As a direct and proximate result of Defendants' activities as alleged above, Make-Up Designory has suffered damage. Unless Defendants are restrained by the Court, they will continue and/or expand their unlawful activities alleged above, by infringing the MUD Marks and otherwise continue to cause irreparable damage and injury to Make-Up Designory. No amount of money damages can adequately compensate Make-Up Designory if Make-Up Designory loses the ability to control the use of its marks, reputation, and goodwill through the unauthorized use of its trademarks. Make-Up Designory is entitled to monetary damages and

injunctive relief prohibiting Defendants from using the MUD Marks, the Infringing Marks or any other logo, service mark, trademark or designation which is likely to be confused with the MUD Marks.

**FIFTH CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION**

**50.** Make-Up Designory realleges paragraphs 1 through 49 above and incorporates them by reference as if fully set forth herein.

**51.** Make-Up Designory's MUD Marks constitute protectable trademarks that are inherently distinctive. Additionally, as a result of Make-Up Designory's significant efforts, the MUD Marks have acquired distinctiveness and secondary meaning.

**52.** Defendants' use of the Infringing Marks, which is a copy, variation, simulation or colorable imitation of the MUD Marks, in a similar manner and in connection with highly similar and/or highly related services, constitutes unfair competition, a false designation of origin, a false description of Defendants' services, and a false representation in violation of Illinois common law.

**53.** Defendants' unfair actions have been committed willfully and with intent to profit from Make-Up Designory's goodwill in the MUD Marks.

**54.** As a direct and proximate result of Defendants' activities as alleged above, Make-Up Designory has suffered damage. Unless Defendants are restrained by the Court, they will continue and/or expand their unlawful activities alleged above, by infringing the MUD Marks and otherwise continue to cause irreparable damage and injury to Make-Up Designory. No amount of money damages can adequately compensate Make-Up Designory if Make-Up Designory loses the ability to control the use of its marks, reputation, and goodwill through the unauthorized use of its trademarks. Make-Up Designory is entitled to monetary damages and

injunctive relief prohibiting Defendants from using the MUD Marks, the Infringing Marks or any other logo, service mark, trademark or designation which is likely to be confused with the MUD Marks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief as to all causes of action:

**A.** Judgment stating:

**(i)** Defendants have infringed Plaintiff's trademarks, in violation of 15 U.S.C. §§ 1051-1127;

**(ii)** Defendants have engaged in unfair competition, in violation of 15 U.S.C. §§ 1051-1127;

**(iii)** Defendants have engaged in deceptive trade practices, in violation of 815 Ill. Comp. Stat. § 510;

**(iv)** Defendants have infringed Plaintiff's trademarks, in violation of Illinois common law;

**(v)** Defendants have engaged in unfair competition, in violation of Illinois common law;

**(vi)** Defendants' unlawful acts were willful; and

**(vii)** Defendants have otherwise injured Plaintiff though the actions described above;

**B.** A preliminary and permanent injunction prohibiting Defendants, Defendants' agents, servants, employees, affiliates and/or all persons acting in concert or participation with Defendant, from:

**(i)** Using or authorizing any third party to use the MUD Marks or confusingly

similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on signage, websites, in domain names, in hidden text and metatags, and social media);

**(ii)** Making and/or displaying any statement and/or representation that is likely to lead the public and/or the trade to believe that Defendants and/or Defendants' services are in any manner associated and/or affiliated with and/or approved, endorsed, licensed, sponsored, authorized, and/or franchised by or are otherwise connected with Plaintiff's MUD Marks;

**(iii)** Registering and/or applying to register as a trademark, service mark, domain name, trade name and/or other source identifier or symbol of origin MUD, and/or any other name or mark incorporating MUD, whether alone or in combination with any other word(s) or design(s), and/or any other mark, trade dress, and/or name that infringes on and/or is likely to be confused with Plaintiff's MUD Marks;

**(iv)** Engaging in any other activity constituting unfair competition with Plaintiff and/or constituting an infringement of Plaintiff's MUD Marks, and/or of Plaintiff's rights therein; and

**(v)** Aiding, assisting and/or abetting any other party in doing any act prohibited by subparagraphs (i) through (iv);

**C.** An order transferring ownership of the domain name mudfacialbar.com and any other domain names incorporating MUD which may be discovered at trial to Plaintiff;

**D.** An award of monetary damages that takes into account Defendants' profits and all amounts by which Defendants have been unjustly enriched from their acts and practices complained of herein and/or actual damages sustained by Plaintiff, trebled on grounds that this is an exceptional case and according to the circumstances of the case under the Lanham Act, 15 U.S.C. § 1117(a);

**E.** An award of prejudgment interest, costs and disbursements, and exemplary damages;

**F.** An award of attorney fees and associated legal costs of the suit; and

**G.** Such other and further relief as the Court may deem appropriate.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: April 7, 2017

Respectfully submitted,

By: s/ Andrea M. Augustine
Andrea M. Augustine (ARDC# 6242450)
amaugustine@duanemorris.com
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
312-499-6771

Michelle Hon Donovan
mhdonovan@duanemorris.com
Duane Morris LLP
750 B Street, Suite 2900
San Diego, California 92101
619-744-2219

*Attorneys for Plaintiff Make-Up Designory*